I have a case in the morning, Ahal Construction or Contracting v. Broeren Russo Construction for the appellant, Ms. Funderburg, for the appellee. You're Mr. Palmer. Oh, that's fine. We won't hold that against you. You may proceed. May it please the court and counsel, my name is Rochelle Funderburg. I represent Broeren Russo and Campus Investors, the contractor and the owner on this project. I find myself here before you for the second time on this case. Previously, the court took argument on this case and essentially reversed the trial court and remanded with instructions for the entry of a different judgment. From that point forward, then, I filed what I called a motion for declaratory judgment asking the trial court to allow me to pay the frozen funds into the court in order for the defendants to give me release of lien and lien waivers and let them fight over who got what out of the frozen funds. They filed some responses. I believe Blager, while the appeal was pending, had filed a motion to stay all payments pending the outcome of their summary judgment against Ahal. After all of those things were filed, we had a hearing in front of the trial court and at the conclusion of that hearing, the trial court properly found that Ahal and Blager were not entitled to interest under the mechanics lien statute. Basically, that the law of the case was your order previously entered that directed the trial court to simply enter an order or a judgment on the pro rata share. Basically, in addition to that, the court construed Section 1 of the mechanics lien statute with Section 28 and found that under this particular situation, Section 28 did not allow for statutory interest under that act. Essentially, the court found in my favor then ordered again the pro rata share based on your previous ruling plus court costs, I believe, directed me to prepare a written order. Before I could get the written order entered, the next day, the trial court basically sent out a corrected order saying he felt that he had been incorrect or in error in refusing to award these parties interest under the general interest act. And so we were then faced with having to come up with an order based on that. Because we could not determine when that would apply and the court had not made any reference to a particular date from which interest would then accrue, we went back to the court because I filed a motion for aided direction seeking clarification. The court then found that interest under the interest act was due and owing from his initial judgment of December 14, 2011 and that is what brings us to you for the second time. Basically, I do believe that the trial court was correct in finding that there should be no interest under the mechanics lien statute for several reasons. First of all, you previously ordered pro rata share, period. You reversed specifically and directed that he enter an order for the pro rata share. I do believe that that then becomes the law of the case, particularly, and the trial court agreed with me, when Ahol and Blager had previously filed a petition for rehearing before this court and they specifically asked the following. If the court does not reconsider its ruling, the remand should provide not only for a determination of the pro rata share, which you did, but also interest on the pro rata share for when due and costs recoverable under the act. You denied that petition and that request and therefore I believe that no interest under the statute became the law of this case. In addition, Ahol and Blager then filed a petition for leave to appeal to the Illinois Supreme Court, which was also denied. And so I believe that for various reasons, statutory interest under the Mechanics Lien Act has already been decided and decided in my favor. I would say that basically when you look at the cases that talk about petitions for leave and petitions for rehearing, what they say is that you only get one bite at the apple. You can't keep coming back to the appellate court or the Supreme Court and saying I didn't get what I wanted and therefore give me another opportunity, which is exactly what has happened in this case. I think the argument was, well, the appellate court didn't render an opinion on that or they didn't address it or they must have been mistaken. I take the position that words have meaning. Courts do know what they're doing when they deny these and when they enter their words and therefore that decision is final. It becomes the law of the case and this court should not take that up again. If that is the case then, and I would also go on to say that if you look at Section 1 of the Mechanics Lien Statute, when you look at that section, what they have a lien on, it says that you have a lien on property or your labor and your services and interest. Then it goes on to say this lien extends to an estate. I think a proper interpretation of that statute is the lien that you have includes your right to interest under the Act. If that is the case, when you read Section 1 then with Section 28, which says the owner does not pay more than the contracted amount, the lien has to be reduced per rata. That would include any interest under the Act. If, on the other hand, it were the case that the defendants take, the statute should read something like you get your lien for these things plus interest. But that's not what it says. You have a lien for labor, services, materials, and interest. I think a proper interpretation of Section 1 and Section 28 taken together says under this scenario you don't get statutory interest, at least under the Act. The court then went on to decide, well, what about the Interest Act? At the hearing in front of the trial court, Ahol and Blager said, well, we really think that the Mechanics Lien Act, which is a specific act, trumps the Interest Act. It's more specific and it's more recent. And for those two reasons, we don't think that interest under the Interest Act applies. We're putting all of our eggs in the basket and saying we should be paid the 10%. That's really what they were saying. And at the hearing itself, the trial court said, well, I don't know if I would agree with that particular strategy here, but, you know, so be it if that's what you're going to do. In the first ruling, the trial court found that they had waived their right to interest under the Interest Act. I think he thought better of that then and that's why I got the second ruling saying he just believed that interest should be paid. And so for that reason, we are now before you on that as well. I think there are a couple of problems with the Interest Act argument. First of all, if interest under the Interest Act is due, when does it start? You reversed and remanded for an entirely new judgment. And so I think when the court entered that new judgment, if you're going to take interest under the Interest Act, that is the date that it should be forthcoming from. The other issue, of course, is was interest under the Interest Act, do we even have to pay it? Because we have this situation where either it was tendered or tender was impossible. I know that basically under the Interest Act, you can tender payment to stop interest unless it's excused either by a statute or by contract. In this particular case, I am faced with a peculiar situation because I have two Blager liens, one that's within the AHAWL lien itself. We ask for lien waivers and it's my understanding that I could not or they would not give me the lien waivers and the release of lien. If then I paid AHAWL at least everything that they claimed they were due in owing, that included the Blager lien, doesn't that trigger then a 100% payment to Blager under Weathertight? And it puts me in a tough position because I have to have a lien waiver and a release of lien. Weathertight and Section 5 of the Act say once you know they're out there, you have to withhold money until such time as you get your lien waiver, you get your release of lien and all of those things. The other thing, of course, is they were kind of signaling back and forth that they were having issues over what was due in owing to them within their own contracts. And, you know, I had this peculiar motion to stay payment pending everything. Once you have a refusal to provide lien waivers or release of lien and a motion to stay payment, I think that payment is now or tender is now impossible. The other thing I would say is they have always, always insisted that if I am to tender payment, it must include the 10%. The only time I got an offer of a release of lien was a conditional release, which is I'll give you a release of lien if you will agree that we can still reserve this 10% interest, which I think had already been decided in my favor. And so I think for a various number of reasons, not the least of which is it's this peculiar kind of fact pattern that we have. We had a crook that took off with the money. We had a crook that basically was sort of falsifying documents. We have inadequate funds to pay these two subs. And we have a blaggard lien now within the AHAW lien, and they're fighting among themselves about who gets what. So I think for all of those reasons, I don't think interest is due and owing under even the Interest Act. At least in the alternative, I think if you disagree with that, then I think it's an open question, and it should be remanded to the trial court for a hearing on that issue. And so for those reasons, we would respectfully ask that you either reverse the trial court once again on the issue of interest, or at least remand to determine whether or not tender was either appropriate or excused. Thank you. So I want to make sure I understand. Sure. No interest is due. Right. For one or two reasons. Yes. If any interest is due, it's due under the General Interest Act or the Statutory Interest Act. If any is due at all. Yes. Yes. Okay. Right. Because I don't believe under the, I think you've already decided the interest under the Mechanics Lien Statute. So that, in my opinion, is a. Which is part of the first. Exactly. No interest is due at all. Right. But if it were due. If it were due. It's due at 9%. Right. Except the problem there is the Interest Act, I think with regard to that, you know, the Mechanics Lien Act is really silent on all of that too. And I think that if the, this is one of those statutes that's clear as mud. And I do think that's part of the problem that we face. There's no reference to anything about interest in the Mechanics Lien Statute except the 10% in Section 1. And so then you're kind of stuck construing the Mechanics Lien Statute and what it is designed to do versus, you know, this kind of pro rata payment situation. Don't you think Premier Electrical Construction versus American National Bank of Chicago is precedent against your argument? Actually, I don't. And the reason I say that is because I think that Premier was not, first of all, in Premier they had not been up before the appellate court with a denial of the statutory interest. And so I think that is the difference. I mean, the law of the case here is they don't get it. That was not an issue that had been decided in Premier at all. And frankly, when you look at Premier, they just award interest, but there's really no way to determine how they arrived at that decision. If nothing else, I think that might just be an outlier. I don't know how they arrived at that, but it was not anywhere close to the weird fact pattern that we have here. Thank you, Counselor. Thank you. Have you split your time? Yes. May it please the Court, Counsel. Mark Palmer for Blager Concrete Company. I do agree with Counsel that words do matter. In fact, words of statutes that are unambiguous matter a lot. And that's what I think we have here. I want to focus my comments on the fact that Blager believes that Section 28 of the Canceling Act does not preclude statutory interest to be awarded on a pro rata amount. And when we looked at this Court's opinion and mandate in the first instance in this case, there was no mention one way or the other of interest on that pro rata award. We were granted, and AHAL was granted, and we understand that. So we interpret that to be a statutory mandate from Section 1. It was a non-discretionary, self-executing mandate of the Canceling Act under Section 1. To look at Section 28 and say specifically 28 excludes interest when it's pro rata award, that's contrary to the overall Canceling Act in general. It's contrary specifically to the need and the intent of interest on judgments, in fact. Interest on a judgment award, whether it be under the Civil Code of Procedure or under built-in specific awards under different acts, it's designed to make the claimant whole for time-valued loss of money. That's the purpose of it. It's a preservation of economic value. It's very different. So if you bifurcate a mechanics lien filing in this case, you have the claim itself, usually for goods and services, and you have the interest. So you have recoupment of something provided, and you have a recoupment for something lost, time-valued money. They're two different elements, and that's the exact interpretation that goes to Section 1 of the Mechanics Lien Act. They're two separate issues. You can look at it as the principle and the interest. And that goes to the unambiguous wording within Section 1 when it says the amount due for materials, fixtures, apparatus, machinery, services or labor, comma, and interest. Two separate elements. That does not change when you look at Section 28. In fact, to dive into it even deeper into a statutory interpretation issue, at the end of Section 28, it says, I quote, only to the extent his, meaning owner, is liable under his contract as by this act provided. Not as by the section provided, but as the act provided. And that act includes Section 1. Section 1 is the closest thing we get to in the Mechanics Lien Act, as it is clear as mud at times, to being a definition section of the act in general. It defines what a contractor is, and within that, we kind of see a confusing section of where that interest principle applies to the lien. But again, the intent and the purpose and the clear need for recoupment of interest is for that time value of money, and that should not change for the pro rata amount. And I'll make that point using two examples, one being the Premier Electric case. That's exactly what happened in that case. There were three counts. Two of them were a contract and bond claim, but count one was a cancelling claim. And when that claim was reduced to a pro rata amount, the court also, the appellate court, examined applying interest to that, and because of the history of the statute, they applied kind of a bifurcated application of part statutory interest, part of the cancelling act. But in our case, it would be full application of Section 1 interest. That's the same thing we have here. Premier Electric applies to the situation with a pro rata amount. Although this court did not expressly state that in the first opinion and mandate in this case, again, our position with the trial court was that that was inferred, it was mandatory, it was non-discretionary, and therefore self-executing an intent from this court handed down to the trial court in the remand to apply that interest rate as the act demands from the time it's due. In other words, in most cases from the time the original invoices of the product, the labor, whatever, were due, back when the work happened. That's what's fair, that's what makes sense, that's the purpose of judgment interest, whether it be under the civil court procedure, the cancelling act, or other acts. While the trial court did not buy that argument, they did apply a separate argument. We're here on our cross-appeal because we stand firm with my main point here that Section 1 controls. It is mandatory and it should have been self-executed in the remand of the first opinion of this court. With that said, Blager asked this court to either affirm the trial court's opinion of applying the civil court procedure interest act or reverse the trial court and apply the mandatory McCancelling Act of 10% as appropriate from the due dates of the invoice, as all McCancellings should apply, whether pro rata or not. And that point again applies to should Blager or Ahall have been asking for only the pro rata shares from the beginning and they would not pay that, we would still be entitled to interest, as I believe Ahall points out in their briefs. With that, if you have no further questions. Thank you. The rest of my time comes from that. Good morning, may it please the court. Carl Metz on behalf of Ahall. I'll try not to repeat the arguments of Mr. Palmer. I'd just like to point out a couple of things. First, interest was not precluded by the prior decision and mandate of the appellate court. It's not addressed, one way or the other. In fact, if you look at the history of all the prior pleadings and that prior appeal, interest wasn't even contested. And then I would even point out, my last comment on this is, it's reflected in our reply, that for argument's sake, if it was addressed, it was addressed inadvertently by its silence and certainly the appellate court can correct that and we cited the Lathey case in our reply. All right, so now the issue is what interest is applicable to both Ahall and Blager. The court below chose the Civil Procedure Statute 213.03, and that language is pretty clear. Judgments for company courts will draw interest at the rate of 9% per annum from the date of judgment until satisfied. Then it further provides that when judgment is entered upon and the award report or verdict, interest shall be computed at the above rate from the time when made or rented to the time of the entry of the judgment. So clearly the court was correct in applying this statute and reverting it back to the December of 14, 2011 date. Now, absent any other statute, that would be correct. But, and we cited the Village of Chatham case versus the County of Sagamon, where if you have two statutes that apply interest, we certainly don't get 10% plus 9%. That would certainly be nice, but that's not the case. The court has to decide which statute to apply. And the rule is, and it's a common-sense rule, you apply the more specific one. Well, we have a mechanically in claim. If there's a mechanically in act provision that provides for interest, that's certainly more specific than the general post-judgment interest statute in the Civil Procedure. So, looking at the language, and I would like to point out another section of the Mechanics in Act, Section 21. And I think it's consistent with the argument that my colleague made that pro rata shares are separate and apart from interest. You know, in Section 21 and Section 7, I'll read Section 21 in a minute here, they both talk about the amount due, and it's with interest or and interest. Section 28, which counsel tries to rely upon, talks about pro rata share. Pro rata share is just modifying the amount due, not modifying interest. And taking it a step further, under their arguments, in any circumstance, when pro rata share is due, they can sit on it until they decide they want to pay without the threat of ever having to pay interest. That's certainly not the common sense or the intent of the statute. So, if you look at Section 21, Section 21 is the section that says that if you're a subcontractor, the provisions of Section 1 also apply. Section 1 says, shall be known under this act as a subcontractor. So, a defining subcontractor. And shall have a lien for the value thereof. So, a lien for the value of their services, goods, everything else, thereof, with interest on such amount. From the date, same as due, from the same time, on the same property as provided for the contractor. So, now you have two different sections that talk about the amount due with interest. And I'd like to go back over Section 1, because the opponent, I think, conveniently skipped some language. It starts off with, any person who shall, by contract, express or implied, and then it skips down, improve the lot or track of land for the purpose of improving the lot or track, and then it skips down, has a lien upon the whole such lot or track of land, skipping down, and the improvements thereon for the amount due him or her. So, we have a lien for the amount due him or her. Now, our amounts have been reduced by Section 28, by PRORAD, as decided by the prior decision. So, the amount due, AHAW, is a PRORAD of share. And then you have the word, and, after that. You've got a couple of, you know, materials, fixtures, apparatus, services, or labor. And interest at the rate of 10%. And it's the same as plus. So, I mean, this language is non-discretionary. Certainly, it wasn't considered in the prior decision. And to the extent it was, there's a provision that says it was inadvertent, and it can be fixed. So, certainly, if the mechanical lien statute didn't exist, the court was correct in applying its application of the Civil Code of Civil Procedure 213. However, we crossed the field because we believe the court should really have applied a more specific provision, the Mechanical Lien Act provision. And so, we're requesting that, you know, that this be sent back down for correct computation of interest based upon the Mechanical Lien Act at the rate of 10% per annum, reverting back to the date when the invoice was due. And it makes a difference. You know, as opposed to 9% from December of 2011, we're talking about 10% from, you know, starting in some months in 2007. So, it makes a difference. You know, and certainly, the policy behind it, as counsel's pointing out, this whole-time value of money, you're letting somebody who's got the purse strings hang on to the money without fear that they're going to have to be penalized, especially under their interpretation. So, with that, I won't belabor the point, the panel has no questions. Thank you for your time. Thank you. Rebuttal? Yes, thank you. I think what they're really trying to do here is what the court elaborated on in the Phelps case. There, we had a similar issue where the appellants did not get what they want the first time and came back for the second bite of the appellate apple. And there, the Phelps court basically said that defendant is improperly using a second appeal to ask this court to reconsider its earlier decision. The earlier holding established the law of the case, and an appellate court is bound by its holding on an appeal from the judgment of the circuit court entered on remand. And so, the only proper issue on a second appeal is whether the trial court's order is in accord with mandate. I don't know how much clearer the other parties can be when they ask you, please reconsider and please make sure that when you reconsider you give us interest under the act. And you denied that. And if you have denied that specific request, have you not then denied the very relief that they are now before you asking for? I mean, I guess you could have said, oh, and hey, by the way, we're reversing and remanding this, and you don't get interest and you don't get this and you don't get that. But the truth is, you addressed that issue when you answered their petition for leave for a rehearing by denying it. Once you deny it, that should be their answer. They don't get it. And they have no right to be here before you again on a second time on the same issue. So I think that's the law of the case. The appellate courts are very clear on that point. I would also say that I don't think that interest under Section 1 is mandatory. You don't see any language there that talks about shall or we direct or any of that. And I don't believe that in that particular section, when you look at the use of the word and, it means plus. The lien is clearly for what you have done or supplied in interest. There's no talk about time, use, any of that kind of thing. And while I understand that, I don't believe that applies in this particular situation. I don't believe that your denial of their petition was inadvertent or that anything needs to be corrected. And certainly the Illinois Supreme Court didn't think so either when they denied the petition for leave to appeal. If you look at all of the various sections, the problem with the statute is it's nice if you can read one section to the exclusion of all the others. That's the problem with this particular statute. I would say, though, Section 1 looks forward in terms of, hey, if you're going to be supplying materials or whatever, here's what you get. Section 28 looks backwards in terms of, now we have a situation where somebody has supplied something and we don't have sufficient funds. And then if you look at Section 30, it talks about how you address all of these insufficient funds cases, no mention of interest. It would eviscerate Section 28 and your prior decision. And so for that reason, we ask for the relief that we have been seeking. Thank you. We take the matter under advisement. We are ready for the next case.